UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

Winfield Solutions, LLC, doing business as
Winfield United,

               Plaintiff,

v.

B & B Agri Sales, LLC and Michael B.
Bushman,

               Defendants.

Case No. _____

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

For its Complaint against Defendants, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION
AND VENUE**

1.      Plaintiff Winfield Solutions, LLC, doing business as Winfield United ("Winfield"), is a Delaware limited liability company. Winfield's sole member is Land O'Lakes, Inc. Land O'Lakes, Inc. is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota. Under 28 U.S.C. § 1332(c)(1), Land O'Lakes, Inc. is a citizen of the State of Minnesota. Because its sole member is a citizen of the State of Minnesota, Winfield is also a citizen of the State of Minnesota.

2.      Defendant B & B Agri Sales, LLC ("B & B") is a Wisconsin limited liability company. B & B's sole member is Defendant Michael B. Bushman, who is a citizen of the State of Wisconsin. Because its sole member is a citizen of the State of Wisconsin, B & B is also a citizen of the State of Wisconsin.

3.      Defendant Michael B. Bushman is a citizen of the State of Wisconsin currently residing in Fountain City, Buffalo County, Wisconsin.

4.      The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00.

5.      The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between Winfield, on the one hand, and the Defendants, on the other hand, and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

6.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

**A.    Account.**

7.      Winfield is engaged in the business of producing and distributing crop inputs and protection products.

8.      B & B is engaged or was formerly engaged in the business of selling crop inputs to farmers in Wisconsin.

9.      B & B is owned and managed by Mr. Bushman.

10.     B & B formerly purchased crop inputs from Winfield on credit.

**B.    Security.**

11.     To secure B & B's account obligations, on April 6, 2016, Mr. Bushman executed and delivered to Winfield a Guaranty under which he personally guaranteed full payment of all of B & B's indebtedness to Winfield.  Mr. Bushman further agreed to pay Winfield interest on any past-due debt at the rate of 18% per year and all attorney fees,

costs and disbursements incurred by Winfield in enforcing the Guaranty.  A true and correct copy of the Guaranty is attached to this Complaint as Exhibit A.

12.    To further secure B & B's account obligations, on April 6, 2016, B & B executed and delivered to Winfield a Security Agreement under which it granted Winfield a security interest in certain personal property, including all inventory that B & B acquired from Winfield and all proceeds from the sale of such inventory ("Collateral"). A true and correct copy of the Security Agreement is attached to this Complaint as Exhibit B.

13.    Winfield properly perfected its security interest in the Collateral by filing a UCC Financing Statement with the Wisconsin Department of Financial Institutions on April 13, 2016.  A true and correct copy of the UCC Financing Statement is attached to this Complaint as Exhibit C.

**C.    Default.**

14.    B & B defaulted on its account obligations by failing to pay for certain products that it purchased and received from Winfield during 2018 ("the Products").

15.    The unpaid purchase price due for the Products is $493,157.65.  A true and correct summary of the unpaid invoices is attached to this Complaint as Exhibit D.  True and correct copies of the unpaid invoices are collectively attached to this Complaint as Exhibit E.

16.    As of December 1, 2019, the unpaid principal balance due under the invoices for the Products had accrued interest in the total amount of $114,210.91. Interest has accrued on the unpaid principal balance since December 1, 2019, and will

continue to accrue in the future, at the rate of $243.20 per day. A true and correct Summary of Interest reflecting these amounts is attached to this Complaint as Exhibit F.

17.     Winfield has incurred, and will continue in the future to incur, attorney fees, costs and disbursements to collect payment of the invoices for the Products. Winfield is entitled to recover its attorney fees, costs and disbursements under the terms of the Guaranty and Security Agreement.

18.     Winfield has satisfied all conditions to the commencement and prosecution of this action.

## COUNT I
## ACTION FOR THE PRICE
## (B & B)

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

19.     The Products constitute "goods" under the Uniform Commercial Code.

20.     B & B received and accepted the Products.

21.     Upon information and belief, B & B resold the Products to its customers.

22.     Under Sections 2-607 and 2-709 of the Uniform Commercial Code, Winfield is entitled to recover the unpaid purchase price due under the invoices for the Products from B & B in the amount of $493,157.65.

23.     Winfield is also entitled to recover prejudgment interest, attorney fees and costs from B & B.

## COUNT II
## BREACH OF CONTRACT
## (B & B)

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

24.     B & B contracted and agreed to pay the purchase price for the Products.

25.     B & B breached its contractual obligations to Winfield by failing to pay the balance of the purchase price for the Products.

26.     As a result of B & B's breaches, Winfield is entitled to recover unpaid purchase price due under the invoices for the Products from B & B in the amount of $493,157.65.

27.     Winfield is also entitled to recover prejudgment interest, attorney fees and costs from B & B.

## COUNT III
## ENFORCEMENT OF GUARANTY
## (MR. BUSHMAN)

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

28.     Under his Guaranty, Mr. Bushman absolutely and unconditionally guaranteed payment of all amounts due under the invoices for the Products.

29.     B & B is in default on its contractual and payment obligations to Winfield.

30.     Based upon B & B's defaults, Winfield is entitled to recover the unpaid purchase price due under the invoices for the Products from Mr. Bushman under his Guaranty in the amount of $493,157.65.

31.     Winfield is also entitled to recover interest from Mr. Bushman under his Guaranty up to and including December 1, 2019, in the amount of $114,210.91, and additional interest at the rate of $243.20 per day from December 1, 2019, through the date of entry of judgment.

32.     Under the terms of the Guaranty, Winfield is also entitled to recover its attorney fees, costs and disbursements.

### COUNT IV
### REPLEVIN
### (B & B AND MR. BUHSMAN)

Winfield restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

33.     Winfield has a valid and enforceable security interest in the Collateral.

34.     B & B is in default on its contractual and payment obligations to Winfield.

35.     Under the terms of the Security Agreement, and under the law, Winfield has the right to immediate possession of the Collateral.

36.     Winfield is entitled to an Order authorizing and directing the United States Marshal to seize and turn over to Winfield the Collateral pursuant to Sections 9-601 and 9-609 of the Uniform Commercial Code and Wis. Stat. § 810.01, *et seq*.

37.     Under the terms of the Security Agreement, Winfield is also entitled to recover its attorney fees, costs and disbursements.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Land O'Lakes hereby demands a trial by jury.

**WHEREFORE**, Winfield respectfully prays for this Court's judgment as follows:

1.      Awarding Winfield money damages against B & B and Mr. Bushman, jointly and severally, for the unpaid purchase price due under the invoices for the Products in the amount of $493,157.65;

2.      Awarding Winfield prejudgment interest against B & B at the maximum rate permitted by law;

3.      Awarding prejudgment interest against Mr. Bushman as of December 1, 2019, in the amount of $114,210.91, plus additional prejudgment interest at the rate of $243.20 per day from December 1, 2019, through the date of entry of judgment;

4.      Authorizing and directing the United States Marshal to seize and turn the Collateral over to Winfield;

5.      Awarding Winfield all of its attorney fees, costs and disbursements; and

6.    Granting Winfield all such other and further relief as the Court deems just and equitable under the circumstances.

WINFIELD SOLUTIONS, LLC

Dated: December 5, 2019                    By: s/Jonathan C. Miesen
                                               Jonathan C. Miesen
                                               Associate General Counsel-Litigation

                                           4001 Lexington Avenue North
                                           Arden Hills, MN 55126
                                           Telephone:  (651) 375-5985
                                           Facsimile:   (651) 234-0535
                                           E-mail: jcmiesen@landolakes.com

                                           Attorney for Plaintiff